UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

USHA HOLDINGS, LLC and ATUL BHATARA,

                Plaintiffs,

  -against-

FRANCHISE INDIA HOLDINGS, LIMITED,
FRANCORP ADVISORS PRIVATE LIMITED, and
GUARAV MARYA,

                Defendants.

----------------------------------------X

**ORDER ADOPTING REPORT AND RECOMMENDATION**

12-CV-3492 (KAM)(CLP)

**MATSUMOTO, United States District Judge**:

      Plaintiffs USHA Holdings, LLC ("USHA") and Atul Bhatara brought suit against defendants Franchise India Holdings, Limited ("Franchise India"), Francorp Advisors Private Limited ("FAPL"), and Gaurav Marya (collectively, "defendants") in the Supreme Court of New York, Queens County, by filing a Summons and Complaint dated June 14, 2012.[1] On July 13, 2012, defendants removed this case to the United States District Court for the Eastern District of New York. (ECF No. 1, Notice of Removal dated 7/13/12.) On March 4, 2013, defendants moved to dismiss this case, arguing (i) that service was defective, (ii) that the court lacked personal jurisdiction, (iii) that dismissal was warranted under the doctrine of *forum non conveniens*, (iv) that plaintiffs did not enter into any contract

---

[1] The Notice of Removal states this suit was filed on June 4, 2012 but the Complaint is dated June 14, 2012.

with defendants and could not satisfy the statute of frauds, and (v) that plaintiffs' conversion claim was duplicative of the breach of contract claim and barred by the relevant statute of limitations. (*See* ECF No. 24, Memorandum of Law in Support of Defendants' Motion to Dismiss.) On March 27, 2014, the court granted defendants' motion to dismiss plaintiffs' conversion claim but denied defendants' motion to dismiss plaintiffs' breach of contract claim, as well as defendants' motion to dismiss the case for improper service, lack of personal jurisdiction, and under the doctrine of *forum non conveniens*. (ECF No. 35, Memorandum & Order.)

On May 21, 2014, counsel for defendants filed a motion to withdraw, citing Mr. Marya's failure to pay attorney's fees. (ECF No. 39, Notice of Motion to Withdraw.) Mr. Marya responded to defense counsel's motion to withdraw, which was the last communication from any defendant to the court.[2] (ECF No. 41, Defendants' Reply to Attorney's Motion to Withdraw filed 6/3/2014 ("Marya Reply").) Magistrate Judge Cheryl L. Pollak granted defense counsel's motion to withdraw on June 11, 2014 and provided defendants with 60 days to obtain new counsel. (ECF No. 43, Minute Entry and Order.) In her order, Judge

---

[2] In the response, Mr. Marya stated that he "has no funds as to continue with present litigation proceedings" and "in no means able to continue with present litigation." (Marya Reply at 1.) He also attached his own motion to withdraw from the proceedings, alleging his inability to travel to the United States. (*Id.* at 2.)

2

Pollak informed defendants that (1) only Mr. Marya would be able to proceed *pro se*, (2) the corporate defendants must be represented by counsel, and (3) if defendants failed to obtain counsel for the corporate defendants, a default judgment could be entered. (*Id.*) Defendants failed to obtain counsel, and no answer was filed on behalf of any defendant. (*See generally* Docket No. 12-cv-3492.)

On December 9, 2014, the Clerk of Court entered a certificate of default against defendants because no answer had been filed by any defendant. (ECF No. 49, Clerk's Entry of Default.) Plaintiff moved for entry of default judgment against defendants on December 19, 2014.[3] (ECF No. 50, Notice of Motion for Default Judgment.) On January 16, 2015, the court referred the motion for default judgment to Judge Pollak for a Report and Recommendation. (*See* Order Referring Motion dated 1/16/15.) On March 18, 2015, Judge Pollak held an inquest hearing regarding plaintiffs' damages calculations at which defendants failed to appear. (Minute Entry dated 3/18/15; ECF No. 55, 3/18/15 Inquest Hearing Transcript ("Tr.") filed 6/4/15; *see also* ECF No. 52, Declaration of Atul Bhatara dated 2/20/15.) At the hearing, Judge Pollak ordered plaintiffs to supplement their documentation regarding their damages calculations. (Tr. at

---

[3] Plaintiffs styled their motion as a motion for judgment as a matter of law and motion for judgment on the pleadings, but the court will treat the motion, as Judge Pollak did, as a motion for default judgment. (*See* R&R at 1 n.1.)

3

22.) On April 9, 2015, plaintiffs filed an affidavit detailing the process through which they arrived at their determinations of their damages. (ECF No. 54, Declaration of Donald Boroian.)

On September 11, 2015, Judge Pollak issued a Report and Recommendation (ECF No. 56, Report and Recommendation ("R&R")), in which she recommended that plaintiffs be awarded judgment against defendants, jointly and severally, in the sum of $1,259,116.67 in damages; prejudgment interest for damages and lost profits at the rate of 9% per annum to be calculated by the Clerk of Court upon entry of judgment for the time periods (1) from December 5, 2008 to the date judgment is entered, based on the $30,000 principal award; (2) from November 5, 2009 to the date judgment is entered, based on the $270,000 principal award, and (3) from the relevant year-end date to the date judgment is entered for each year of plaintiffs' lost profits from the years 2010 to 2014, using the figures provided on pages 34-35 of the R&R; and post-judgment interest. (R&R at 40.) Judge Pollak further recommended that the court (1) grant plaintiffs' request for a declaratory judgment that plaintiffs are fifty percent equity owners of the license at issue in this litigation (the "License")[4] and FAPL and are entitled to equal rights, ownership,

---

[4] In the complaint, plaintiffs allege that they acquired the exclusive international licensing rights to implement and market Francorp International's proprietary franchising mechanisms and opportunities within the territorial boundaries of the Republic of India. (R&R at 3; see Compl. ¶¶ 10, 11.)

4

and management of FAPL, a fifty percent share of the profits of the License and FAPL, and use of the License; (2) deny plaintiffs' request for attorney's fees and costs; and (3) deny without prejudice plaintiffs' requests for injunctive relief and the imposition of a constructive trust. (*Id.*)

The R&R, which was mailed to defendants on September 11, 2015, notified the parties of the right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (*Id.*) The statutory period for filing objections has now expired, and no objections to Judge Pollak's R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Pollak's thorough and well-reasoned recommendations, the court finds no clear error in the Report and Recommendation and

and management of FAPL, a fifty percent share of the profits of the License and FAPL, and use of the License; (2) deny plaintiffs' request for attorney's fees and costs; and (3) deny without prejudice plaintiffs' requests for injunctive relief and the imposition of a constructive trust. (*Id.*)

The R&R, which was mailed to defendants on September 11, 2015, notified the parties of the right to file written objections, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). (*Id.*) The statutory period for filing objections has now expired, and no objections to Judge Pollak's R&R have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)).

Upon a review of the Report and Recommendation, and considering that the parties have failed to object to any of Judge Pollak's thorough and well-reasoned recommendations, the court finds no clear error in the Report and Recommendation and

hereby affirms and adopts the Report and Recommendation in its entirety as the opinion of the court.

Accordingly, judgment should be entered for plaintiffs and against defendants, jointly and severally, as follows: $1,259,116.67 in damages; prejudgment interest for damages and lost profits at the rate of 9% per annum to be calculated by the Clerk of Court upon entry of judgment for the time periods (1) from December 5, 2008 to the date judgment is entered, based on the $30,000 principal award; (2) from November 5, 2009 to the date judgment is entered, based on the $270,000 principal award, and (3) from the relevant year-end date to the date judgment is entered for each year of plaintiffs' lost profits from the years 2010 to 2014, using the figures provided on pages 34-35 of the R&R; and post-judgment interest. The court grants plaintiffs' request for a declaratory judgment that plaintiffs are fifty percent equity owners of the License and FAPL and are entitled to equal rights, ownership, and management of FAPL, a fifty percent share of the profits of the License and FAPL, and use of the License. Plaintiffs' request for attorney's fees and costs is denied, and plaintiffs' requests for injunctive relief and the imposition of a constructive trust are denied without prejudice. Post judgment interest shall accrue as provided by law. 28 U.S.C. § 1961(a). The Clerk of Court is respectfully requested to mail a copy of this order and the judgment to

defendants, note service on the docket, and to close this case.

**SO ORDERED.**

Dated:  September 29, 2015
        Brooklyn, New York

                                            /s/
                                    Kiyo A. Matsumoto
                                    United States District Judge